NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTOR WEISS KAPLAN & MANDEL, LLP | |
| Plaintiff, | |
| v. | Civil Action No. 04-6432 (GEB) |
| MERL FINANCIAL GROUP, INC., et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**BROWN, Chief Judge**

    This matter comes before the Court upon a Motion to Amend Judgment of Plaintiff Astor Weiss Kaplan & Mandel, LLP ("Plaintiff") against Defendants Merl Financial Group, Inc, Merl Holdings, Inc.com, Ed Johnson, and G. Carol Johnson individually and in their original capacities (collectively, "Defendants"). The Court has reviewed Plaintiff's submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court dismisses, without prejudice, Plaintiff's Motion to Amend Judgment.

**I.    BACKGROUND**

    This dispute arises due to Plaintiff's claim that Defendants owed Plaintiff for unpaid legal fees and services rendered, and for unpaid expenses in connection with services rendered for various matters, including securities, regulatory, and general matters and litigation. (Compl.) (Docket Entry No. 1.) After the complaint was filed on December 29, 2004, the case was referred to arbitration. On January 11, 2005, Plaintiff dismissed, without prejudice, claims asserted against Defendant G. Carol Johnson, as a result of her filing for bankruptcy. (Docket Entry No. 2.)

On June 27, 2005, the case was ordered removed from arbitration by agreement between all parties, pursuant to Local Civil Rule of Procedure 201.1. (Docket Entry No. 19.) The case was ultimately dismissed, without costs and without prejudice, by this Court on October 4, 2005, pursuant to a settlement agreement reached between the parties. (Docket Entry No. 25.) On December 28, 2005, Plaintiff filed a Motion to Reopen the Case to enforce the settlement agreement against Defendants in the amount of $538,737.22. (Docket Entry No. 27.) On February 28, 2006, this Court granted judgment for Plaintiff. (Docket Entry No. 29.) The judgment is still outstanding.

On or about March 26, 2008, one of the judgment debtors, Merl Holdings, Inc.com, according to Plaintiff, changed its name to Relm Holdings Inc. ("Defendant"). (Docket Entry No. 34.) Plaintiff subsequently submitted a Motion to Amend Judgment to this Court on December 5, 2008. (Id.) As proof of the name change, Plaintiff attached a public relations website article to its motion, announcing the name change, stating that "the Company changed its name to Relm Holdings Inc. and plans to focus on owning real estate properties." (Id.)

## II.   DISCUSSION

Plaintiff requests that this Court grant an order amending the judgment to rename Defendant Merl Holdings, Inc.com to Relm Holdings Inc. in order for Plaintiff to execute judgment against Defendant. However, because Plaintiff's submission does not comply with Local Civil Rule of Procedure 7.1, Plaintiff's Motion to Amend Judgment is dismissed without prejudice.

In submitting its motion to this Court, Plaintiff does not submit a brief to provide sufficient legal basis for its claim. Further, in those other papers provided, Plaintiff does not cite to a rule that would allow this Court to amend judgment to reflect Defendant's name change. For this reason, the Court dismisses Plaintiff's motion without prejudice.

However, the Court notes that generally, motions requesting an alteration or amendment to a judgment are made pursuant to Federal Rule of Civil Procedure 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The standard for obtaining relief under Rule 59(e) is a high one and may only be granted if: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or to prevent manifest injustice." A.K. Stamping Co. v. Instrument Specialties Co., 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citing N. River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994)). Rule 59(e) allows the court to revisit a judgment to correct "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986).

Therefore, even if the Court construed Plaintiff's motion as that properly submitted under Rule 59(e), Plaintiff has not made a sufficient showing that amending judgment would satisfy the Rule's standard. Under the Rule's timing requirements, this Court is barred from granting Plaintiff's motion because the motion was filed more than "10 days after entry of the judgment." Fed. R. Civ. P. 59(e); Bryant v. N.J Dep't. of Transp., 998 F. Supp. 438, 442 (D.N.J. 1998). As the record reflects, judgment of this matter was entered by this Court on February 28, 2006. (Docket Entry No. 29.) Plaintiff did not file its motion until December 5, 2008, almost three years after judgment was entered. (Docket Entry No. 34.) Accordingly, Plaintiff fails to meet the time constraint to amend judgment as set out by the Rule.

Although the Court notes that Defendant's name change may not have taken place within the

3

Rule's prescribed ten day filing period, the time limit imposed by Rule 59(e) is not discretionary, rather it "is jurisdictional, and cannot be extended in the discretion of the district court." Welch v. Folsom, 925 F.2d 666, 669 (3d Cir. 1991). See also Manley v. Stark & Stark, P.C., 1999 U.S. Dist. LEXIS 22081, at *4 (D.N.J. Sept. 21, 1999) ("[t]he Third Circuit has interpreted this language strictly and stated that the ten-day period 'is jurisdictional, and cannot be extended in the discretion of the district court'") (citation omitted).

It is also unclear to this Court whether Defendant only changed its name or whether it reincorporated. Plaintiff submitted only a one page website article, appearing to be from a public relations website, announcing Defendant's name change and its plan to focus on owning real estate. (Docket Entry No. 34.) This offering of proof is insufficient in itself to show that Defendant simply changed its name rather than reincorporating. Finally, the Court notes that Plaintiff has not detailed what efforts have been made to collect the judgment against Defendant under its new name. Accordingly, because Plaintiff's motion does not provide a legal basis or sufficient support for that basis, Plaintiff's Motion to Amend Judgment is dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court dismisses, without prejudice, Plaintiff's Motion to Amend Judgment. An appropriate form of Order accompanies this Opinion.

Dated: February 11, 2009

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.